# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ALVA MAE GROVES,**

    **Petitioner,**

**vs.**
                                       **Case No. 4:05cv390-WS/WCS**

**WARDEN M. L. RIVERA,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. The filing fee has been paid.

Petitioner is incarcerated in this district, and challenges her 1995 sentence imposed by the Eastern District of North Carolina. Petitioner did not appeal, but states that a 28 U.S.C. § 2255 motion was denied on August 9, 2005. Doc. 1, pp. 2-3. As grounds for relief, Petitioner states that she was 72 years old at the time of sentencing, and her sentence of over 30 years was improper as it exceeds her life expectancy and she was not sentenced to life imprisonment. § 2241 memo (attached to doc. 1), pp. 4-9. Petitioner, now age 85, alleges that "[h]er physical condition is 'rapidly' declining," and

has supplied portions of the medical record.  *Id.*, p. 7 and attachments.[1]  Petitioner claims a violation of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  *Id.*, p. 9.

Petitioner is in custody and "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," as provided by § 2255.  *See also* Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir.), *cert. denied,* 540 U.S. 900 (2003) (collateral attack on the validity of a federal sentence is typically brought by § 2255 motion) (citation omitted).  A § 2255 motion is filed in the trial court, but since Petitioner has been denied § 2255 relief she must first obtain authorization from the court of appeals.  § 2255 (referencing § 2244); § 2255 Rule 9 ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").  Authorization for filing a successive motion raising Booker has been denied in this circuit.  In re Anderson, 396 F.3d 1336, at 1339 (11th Cir. 2005)

Under the "savings clause" of § 2255, a petition for writ of habeas corpus filed by a prisoner authorized to seek relief under § 2255 will not be considered, "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  § 2255; Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).  This

---

[1] Also attached is a copy of an order of a magistrate judge in this district, granting Petitioner's motion for voluntary dismissal in 4:05cv43-MP/AK (doc. 9 in that case).

"savings clause" language of § 2255 does not allow a petitioner "to use § 2241 to escape the restrictions on second or successive § 2255 motions."  177 F.3d at 1245.  Rather,

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

177 F.3d at 1244 (footnote omitted); *see also* Sawyer, 326 F.3d at 1365 (applying Wofford).

The Booker claim cannot meet the Wofford test.  Booker goes to sentencing, not the existence of an offense,[2] and it does not apply retroactively on collateral review. Varela v. United States, 400 F.3d 864, 867 (11th Cir.), *cert. denied*, __ U.S. __, 126 S.Ct. 312 (2005).

On the form petition, where asked to "[e]xplain why the remedy under § 2255 is inadequate or ineffective,"  Petitioner responded:

> As part of her plea agreement, Ms. Groves waived her right to appeal and to collaterally attack her sentence [except on grounds of ineffective assistance of counsel] or prosecutorial misconduct not known to her at the time of guilty plea.  The Petitioner was "over" the age of 72 and "complete" [sic] illiterate of the law.

---

[2] "'Under *Booker*, there are two kinds of sentencing errors: one is constitutional and the other is statutory.'  '[T]he Sixth Amendment right to trial by jury is violated where *under a mandatory guidelines system* a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury.'  The statutory error occurs when the district court sentences a defendant 'under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation.'"  United States v. Wood, 430 F.3d 1323, 1325 (11th Cir. 2005) (citations omitted, emphasis in original).

Doc. 1, p. 3 (first set of brackets in original).  These claims do not satisfy any part of the Wofford test.

Finally, for Petitioner's information, the court notes the following.  Petitioner claims that her request for "compassionate release" from the warden was denied in 2002.  Doc. 1, p. 4.  The sentencing court (in this case, the Eastern District of North Carolina) does not have authority to modify the sentence based on Petitioner's failing health or otherwise grant "compassionate release," except upon a motion from the Director of the Bureau of Prisons (BOP).  See 18 U.S.C. § 3582(c)(1)(A)(i) (Director has discretion to ask for reduction of a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction.").  An inmate (or someone on behalf of the inmate) initiates a request to the warden in writing, and the request must contain, at a minimum:

> (1) The extraordinary or compelling circumstances that the inmate believes warrant consideration.
>
> (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

28 C.F.R. § 571.61(a).[3]

The BOP generally interprets the "extraordinary and compelling" language to apply to circumstances where a prisoner is diagnosed with a terminal medical condition, resulting in a determinable life expectancy.  See United States v. Maldonado, 138 F.Supp.2d 328, 333 (E.D.N.Y. 2001) (finding this interpretation reasonable).  The medical records attached to the § 2241 petition are from 2004 and 2005.  If Petitioner's

---

[3] If the request is denied by the Warden or Regional Director the inmate may appeal through the administrative remedy procedure; however if denied by the General Counsel or Director of the BOP, an appeal is not available.  28 C.F.R. § 571.63.

medical condition has changed since 2002, she may submit to the Warden a written request for a § 3582(c)(1)(A)(i) motion.

It is therefore respectfully **RECOMMENDED** that the § 2241 petition, challenging the judgment from the Eastern District of North Carolina, be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 6, 2006.


   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.